# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

MICHELLE ROBBINS, an individual

      Plaintiff,

v.

HEALOGICS, INC., now doing business as
HEALOGICS, LLC, a foreign limited liability
company, and HEALOGICS WOUNDCARE
SUPPLY, LLC a foreign limited liability
company,

      Defendants.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHELLE ROBBINS ("Plaintiff" or "Robbins"), through undersigned

counsel, files this Complaint against Defendants, HEALOGICS, INC., now doing business as

HEALOGICS, LLC, a foreign limited liability company ("Healogics"), and HEALOGICS

WOUNDCARE SUPPLY, LLC, a foreign limited liability company ("Healogics Woundcare"

together with Healogics, the "Defendants"), and states as follows:

## NATURE OF THE ACTION

1.     This is a claim by Plaintiff MICHELLE ROBBINS against her former

employer, HEALOGICS, INC, now doing business as HEALOGICS, LLC, and HEALOGICS

WOUNDCARE SUPPLY, LLC, for violations of the Family Medical Leave Act ("FMLA"), 29

U.S.C. § 2601 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, as

amended (the "ADA"), the Uniformed Services Employment and Reemployment Rights Act,

("USERRA") 38 U.S.C. §4301-33, Section 510 of the Employee Retirement Income Security

Act ("ERISA"), 29 U.S.C. § 1001, *et seq*., Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. § 2000e, *et. seq.*, as amended, the Age Discrimination in Employment Act ("ADEA"),

29 U.SC. 621, et. seq., the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 *et. seq.,* and the

Florida Private Whistleblowers Act (the "FPWA"), Fla. Stat. 448.102.

2.       Plaintiff, MICHELLE ROBBINS, suffers from a disability that is also a chronic

health condition, and is a United States Airforce veteran with a certified disability rating,

entitling her to benefits under the FMLA, ADA, FCRA, USERRA and ERISA.  Additionally,

Ms. Robbins is a female over the age of 40 entitling her to protection from discrimination,

harassment and retaliation under Title VII and the ADEA.  Lastly, Plaintiff objected to certain

directives that she had a good faith belief violated provisions of federal and state laws, rules and

regulations, as well as company policies and procedures, for which she lodged complaints with

the company's Chief Compliance Officer, entitling her to protection from retaliation pursuant to

the FPWA and the Defendants' Code of Conduct and Ethics.

3.       Robbins was hired by the Defendants as the Vice President of Supply Chain and

served in that role until her wrongful termination.  At the time of Ms. Robbins hire, Ms. Robbins,

disclosed that she was a protected veteran due to her disabled veteran status, and her disability

was open and apparent to her colleagues and superiors.  Robbins was qualified for and performed

the duties of her position without incident or complaint from Defendants until she made known

the following: (i) she would need to take time off to have surgery related to her service related

disability; (ii) her husband was also going to utilize the Defendants' health care policy to have

surgery; and (iii) she objected to certain sales initiatives which she believed ran afoul of certain

federal and state laws, rules and regulations, especially given the Defendants' recent settlement

of False Claims Act Claims of improper billing and the resulting Corporate Integrity Agreement

between the Office of the Inspector General of the Department of Health and Human Services and Healogics, Inc.  In short, Ms. Robbins was terminated less than a month after the above listed medical leave requests and disclosure of her compliance concerns.  Defendants stated reason for her termination is that her position was being eliminated. The stated reason is pre-textual and was formulated post-hoc after Robbins engaged in protected activity.  Further, upon information and belief, Robbins' position was ultimately filled by a younger male who was less qualified, while the Defendants also engaged in a pattern and practice of reducing female executives without offering comparable roles within the company, but allowing male executives whose positions were restructured to remain employed in an alternative role.  The termination of Robbins' employment under the circumstances above described violates the FMLA, ADA, ADEA, Title VII, USERRA, ERISA, FCRA and the FPWA.

4.     Accordingly, Robbins seeks all available relief in law and equity, including but not limited to: (i) economic damages including but not limited to back pay and front pay (where reinstatement is not feasible); (ii) medical expenses; (iii) non-economic compensatory damages in whatever amount she is found to be entitled; (iv) liquidated damages in whatever amount she is found to be entitled; (v) an award of interest, costs and reasonable attorney's fees and expert witness fees; (vi) punitive damages; (vii) equitable relief; (viii) declaratory relief and (ix) pre-judgment and post-judgment interest (where allowable).

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant 28 U.S.C. §1331. The Court has jurisdiction to grant declaratory relief and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. Because the state claims arise out of the same nucleus of operative facts as do the federal claims, this court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §

1367.

6.      Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within this venue, Defendant conducts substantial and not isolated business within this venue and Defendants have agents and employees within this venue located in Duvall County, Florida.

### PARTIES

7.      At all times material to this action, Plaintiff was a resident of Palm Coast, Flagler County, Florida.

8.      At all times material to this action, Defendant HEALOGICS, INC., was and is a foreign for profit corporation, incorporated in the State of Delaware, and until recently was doing business in Duval County, Florida.  On or about May 19, 2021 Defendant filed its withdrawal to transact business within the state of Florida, and appointed the Department of State to act as its registered agent for purposes of service of process.

9.      On or about May 19, 2021, Defendant HEALOGICS, LLC, filed its application by a foreign limited liability company for authorization to transact business in the state of Florida, and is conducting business within the state of Florida at its principal place of business within Duval County, Florida. Healogics, LLC can be served with process through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301-2525.

10.     Upon information and belief, Defendant Healogics, LLC, was and continues to be, a foreign limited liability company.

11.     Upon information and belief, Healogics, LLC's business operations are/were located in Duval County, Florida and Defendant regularly conducted business in this jurisdiction.

4

12.     Upon information and belief, Healogics, Inc., was engaged in the same business that Healogics, LLC, currently operates, and both entities operated the business at the same address at 5220 Belfort Road, Suite 130, Jacksonville, FL 32256.

13.     Upon information and belief, Healogics, LLC, used the same employees that Healogics, Inc., used and experienced no break in operations between the withdrawal of Healogics, Inc., and authorization to transact business within the state by Healogics, LLC; the same equipment and methods of production were used by Healogics, LLC as were previously used by Healogics, Inc.; and the same services were offered by Healogics, LLC, that were previously offered by Healogics, Inc.

14.     Based on the foregoing allegations, Healogics, LLC, is a successor in interest to Healogics, Inc., and is equally liable to Plaintiff for the debt of Healogics, Inc.

15.     At all times material to this action, Defendant HEALOGICS WOUNDCARE SUPPLY, LLC, was and is a foreign limited liability company, authorized to transact and transacting business within the state of Florida, and has its principal place of business within Duval County, Florida.  Defendant Healogics Woundcare Supply, LLC, can be served with process through its registered agent, 1201 Hay Street, Tallahassee, FL 32301-2525.

16.     The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee".  29 U.S.C. 2611(4)(ii)(I).

17.     From in or around May 2018 to her termination in or around July 2019, Plaintiff was employed by the Defendants as the Vice President of Supply Chain.

18.     Defendants employed Plaintiff as the Vice President of Supply Chain.

19.     Defendants jointly employed Plaintiff.

5

20.     Defendants are an employer under the FMLA because they are engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

21.     At all times relevant hereto, Plaintiff worked at a location where Defendants, employed 50 or more employees.

22.     At all times relevant hereto, Defendants were an employer as defined by 29 U.S.C. 2611(4).

23.     At all times material to this action Defendants directly or indirectly, jointly or severally, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

24.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

25.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

26.     At all times material hereto, Plaintiff is a "qualified individual" under the ADA since she can perform the primary duties of her job with or without an accommodation.  See 42 U.S.C. § 12111(8).

27.     At all times material hereto, Plaintiff had a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major

body functions.   Specifically, Plaintiff suffers from a military service related disability. Plaintiff's disability is open and apparent, and further Plaintiff made this disability known to Defendants and requested leave as an accommodation for her disability to obtain surgery.

28.      Plaintiff is covered by the ADA/FCRA because she is an individual who:

a.      Has a physical impairment that substantially limits one or more major life activities or bodily functions;

b.      Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

c.      Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

29.      Plaintiff is protected by the ADA and FCRA.

30.      At all times relevant, Defendant was an "employer" as defined by Fla. Stat. 760, *et. seq.*

31.      Plaintiff is a member of a class protected by law because she was discriminated against and retaliated against by her employer, the Defendant, due to her military service.

32.      At all times relevant to this action, Plaintiff was a veteran of the Airforce of the United States.

33.      At all times relevant to this action, Defendant knew of Plaintiff's status as a veteran of the Airforce.

34.      At all times relevant to this action, Defendant knew that Plaintiff suffered from a service related medical condition and disability.

35.      At all times relevant to this action, Defendant knew that Plaintiff would require treatment for her service related medical condition.

36.    At all times material hereto Plaintiff was a 53 year old female.

37.    At all times material Defendants were and are an "employer" as defined by 29 § U.S.C. 630(b) and 42 U.S.C. § 12111(5)(a).

38.    At all times material hereto Plaintiff was an "employee" as defined by 29 U.S.C. § 630(f).

39.    At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of the ADEA.

40.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), as well as Fla. Stat. 760 et. seq. (the "FCRA"), by virtue of her sex and gender.

41.    At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of Title VII and the FCRA.

42.    At all times material hereto, Defendant was an "employer" covered under Title VII and the FCRA.

## CONDITIONS PRECEDENT

43.    Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

44.    Robbins has exhausted her administrative remedies available to her.

45.    On or about June 24, 2021, the EEOC issued Plaintiff a Notice of Right to Sue against Defendants with regard to this matter.  A copy of the Right to Sue letter is attached as **Exhibit A**.

46.    Plaintiff files her complaint within the applicable statute of limitations.

47.     Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days passed since the filing of the charge, prior to the FCHR making a determination, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

48.     All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

49.     Healogics is the largest provider of wound-care-management services in the United States.

50.     By partnering with hospitals and physicians across the nation, Healogics and its affiliates manage nearly 700 centers for the treatment and care of chronic wounds.

51.     At the time of Ms. Robbins' hire, Healogics was developing a new suite of supply chain solutions for its clients, including hospital partners, in collaboration with wound care product manufacturers across the spectrum of wound care.

52.     As part of this new business endeavor, Healogics created the Vice President of Supply Chain position to help lead the effort with respect to hospital partners.

53.     The primary responsibilities of the Vice President of Supply Chain position were: product analysis and concept design for new supply chain product solutions, external collaboration and negotiation with wound care product manufacturers, and working collaboratively across the Company to ensure successful commercialization of the new product solutions.

54.     Healogics hired Ms. Robbins as the Vice President of Supply Chain on or about May30, 2018. Ms. Robbins was responsible for establishing a company-wide wound care product supply strategy to support operational and hospital partners, while ensuring the goals

were aligned with business and hospital partner needs.   This new product offering became known as iSupply.

55.      Further, iSupply was provided as a new offering within the Defendants' group purchasing organization ("GPO"), which is subject to a number of federal and state compliance statutes, including but not limited to the federal anti-kickback statute as well as the Stark law, among others.

56.      In or around June 2018, Defendants settled False Claims Act claims against the company for improper billing, and further entered into a Corporate Integrity Agreement between the Office of Inspector General of the Department of Health and Human Services and Healogics, Inc (the "CIA").   The CIA required, among other things, that Defendants establish and maintain a compliance program that included the appointment of a Chief Compliance Officer (and various regional compliance positions), the creation of written compliance materials (the Healogics Corporate Code of Conduct and Ethics), and a disclosure program that includes a mechanism to enable individuals to disclose, to the Chief Compliance Officer or other compliance positions, not within the individuals chain of command, any identified issues or questions associated with Defendants' "policies, conduct, practices, or procedures with respect to a Federal health care program believed by the individual to be a potential violation of criminal, civil or administrative law."

57.      As part of the disclosure program, Defendants were to emphasize a nonretribution and nonretaliation policy, and further include a requirement that all covered persons be expected to report suspected violations of any Federal health care program requirements to the compliance officer.   Additionally, the Chief Compliance Officer or her designee is to gather all relevant information from the disclosing individual and make a

preliminary good faith inquiry into the allegations, while also maintaining a disclosure log recording each disclosure, the status of any internal review, and any corrective action taken in response to the internal review.

58.     Ms. Robbins held her position until she was terminated on July 24, 2019.

59.     At the time of her termination, Robbins was earning approximately $226,000 per year.

60.     At the time of her termination, Plaintiff was qualified for her position.

61.     At all times relevant, Plaintiff was able to perform the essential functions of her job.

62.     At no time during her employment, and prior to July 24, 2019 did Defendants counsel or otherwise discipline Plaintiff for failure to follow Defendants' employee policies or procedures.

63.     At no time during her employment and prior to July 24, 2019 did Defendants' counsel or otherwise discipline Plaintiff for violating any company policy.

64.     Defendants provided Plaintiff and her spouse with health insurance as part of the company's employee benefit plan.

65.     In or around April 2019, Ms. Robbins began reporting directly to Michael White, President, Healogics at Home.  Mr. White's primary responsibility was to execute the proformas that had been developed for the new offerings, including iSupply.

66.     On information and belief, Mr. White was new to his position, and did not have a hospital GPO or hospital supply background.

67.     While Ms. Robbins was working for Mr. White, and due to the fact that her disability was open and apparent, Ms. Robbins discussed her disability with Mr. White, and her

need to schedule surgery for her own disability, and also eventually to take leave for her husband's surgery as well.

68.     Ms. Robbins was initially planning to have her surgery in or around April or May of 2019, however due to her new working relationship with Mr. White, the projected travel schedule for her role, and her anticipated restriction of no flying for six weeks after surgery, Ms. Robbins postponed her surgery and discussed this with Mr. White.

69.     As the working relationship progressed, Ms. Robbins noticed that Mr. White was preoccupied with growing sales at all costs and would get agitated whenever questioned or if preliminary questions regarding legal compliance were raised.

70.     As early as the second half of June 2019, Ms. Robbins began to express her concerns that a few of the GPO proposals made by Mr. White to generate sales might run afoul of legal compliance mandates.  Specifically, that the company could not provide preferential treatment or sales enhancement to one GPO vendor that were not provided equally to all on the same GPO program, or allow vendors to dictate the terms of sales, and further that some of the physician "education" programs might violate physician's neutrality by impermissibly swaying them to order products sold by specific vendors within the GPO program and not others.

71.     At the time Plaintiff believed these action items or proposals by Mr. White to be in violation of the anti-kickback statute and the Stark Law prohibiting Defendants from knowingly and willfully offering, paying, soliciting, or receiving any remuneration to induce or reward referrals of items or services reimbursable by a Federal health care program from anyone (Anti-Kickback Statute) or physicians (Stark Law).

72.     After raising her concerns with Mr. White, Ms. Robbins then raised her concerns with Defendants' Chief Compliance Officer, Kelly A. Priegnitz, who agreed that the issues raised by Plaintiff were concerning and should be looked into further.

73.     Plaintiff had additional conversations with the Chief Compliance Officer in the first half of July 2019.

74.     Also, on multiple occasions, Ms. Robbins questioned Mr. White's directives and counseled that Mr. White should discuss his proposals with in house counsel Keith Koford, and the Chief Compliance Officer.

75.     During this same time frame, Ms. Robbins notified Mr. White that she would need to take leave to obtain surgery related to her service related disability, and submitted her request for time off through the Defendants' calendar application.   Ms. White anticipated she would need approximately one week of time off for her surgery, and further anticipated returning to work at full capacity with limited travel restrictions.

76.     Plaintiff also discussed with Mr. White that her spouse would be having surgery at or around the same time.

77.     On information and belief, the Defendants are self-insured with respect to the employee health and medical benefit plans, requiring Defendants to fund employee health care expenses and costs.

78.     Less than thirty days after raising her compliance concerns with Mr. White and the company's Chief Compliance Officer, Plaintiff was terminated and her position eliminated.

79.     Less than thirty days after Plaintiff confirmed both her need for surgery, and her husband's need for surgery, and requesting the time off, Plaintiff was terminated and her position was eliminated.

80.     On or about July 24, 2019 with direct and actual knowledge of Robbins' medical condition, her need for surgery and her request to take leave, Defendants' terminated Robbins.

81.     On or about July 24, 2019, with direct and actual knowledge of Robbins' compliance complaints, Defendants' terminated Robbins.

82.     Defendants' stated reason for termination was that Plaintiff's position was eliminated due to a restructuring.

83.     On information and belief, Plaintiff was replaced by a younger male.

84.     On information and belief, Defendants have terminated at least three other female executives over the age of 50, under the pretenses of a restructuring, who also had known disabilities and high medical expenses.

85.     On information and belief, two male executives whose positions were "restructured" were found alternative positions within the company, while female executives such as Plainitff, were not afforded the same opportunities.

86.     Defendants' termination of Plaintiff was discriminatory.

87.     Defendants' reason for terminating Plaintiff was pretextual.

88.     Defendants' reason for terminating Plaintiff was manufactured, *post hoc*, after Plaintiff engaged in activities protected by the FMLA, USERRA, ERISA, ADA, the FCRA and the FPWA.

89.     As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.

These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief.

90.     Defendants' violations of USERRA was willful because Defendants knew or perceived the risk that its discrimination and continued harassment of Plaintiff and retaliation against Plaintiff because of her military service and/or unavailability or her protected activity due to service violated USERRA or Defendant showed reckless disregard for the matter of whether their actions against Plaintiff because of her military service and/or because of her unavailability due to service or due to her protected activity was prohibited by USERRA.

91.     Defendants' decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's exercising her rights under an employee benefit plan covered by ERISA (i.e. her need to seek medical treatment covered by her health insurance).

92.     Plaintiff's FMLA-covered absences and/or her likely need for future FMLA-covered leave were a substantial or motivating factor in Defendant's decision to terminate her.

93.     Plaintiff's exercising of her rights to an employee benefit plan covered by ERISA and/or her likely need for future benefits under this ERISA-covered plan was a substantial or motivating factor in Defendant's decision to terminate her.

94.     Plaintiff's disability/perceived disability were a substantial or motivating factor in Defendants' decision to terminate her employment.

95.     Plaintiff's association with her spouse and his disability related medical expenses were a substantial or motivating factor in Defendants' decision to terminate her employment.

96.     Defendants' decision to terminate Plaintiff was not wholly unrelated to Plaintiff's need for time off work under the FMLA.

97.     Defendants' decision to terminate Plaintiff was not wholly unrelated to Plaintiff's exercising of her rights under an employee benefit plan covered by ERISA.

98.     Defendants' decision to terminate Plaintiff was not wholly unrelated to Plaintiff's disability/perceived disability.

99.     Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

100.    Defendants' actions violate the provisions of 29 U.S.C. §2615(a).

101.    Defendants' actions violate the provisions of 29 U.S.C. §2614(a).

102.    Defendants' actions constitute interference with Plaintiff's rights under the FMLA.

103.    Defendants' actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

104.    Defendants' actions constitute discrimination in violation of Plaintiff's rights under the FMLA.

105.    Defendants' actions constitute interference with Plaintiff's rights under the ADA.

106.    Defendant's actions constitute retaliation in violation of Plaintiff's rights under the ADA.

107.    Defendants' actions constitute discrimination in violation of Plaintiff's rights under the ADA

108.    Defendants' actions constitute discrimination in violation of Plaintiff's rights under USERRA.

109.     Defendants' actions constitute interference in violation of Plaintiff's rights under USERRA.

110.     Defendants' actions constitute discrimination in violation of Plaintiff's rights under Section 510 of ERISA.

111.     Defendants' actions constitute interference with Plaintiff's right to an employee benefit plan covered by ERISA.

112.     Defendants' actions constitute interference with Plaintiff's rights under the FCRA.

113.     Defendants' actions constitute discrimination in violation of the FCRA.

114.     Defendants' actions constitute retaliation for requesting a reasonable accommodation under the FCRA.

115.     Defendants' actions were willful as Defendant knew or had reason to know that its actions violated federal and state law, yet Defendant acted wantonly or with reckless disregard for the law.

116.     Defendants are liable for the actions of its managers and/or agents taken within the scope of their employment with Defendant and its related entities, including the decision to terminate Plaintiff.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

117.     Plaintiff re-alleges paragraphs 1 through 116 of the Claim, as if fully set forth herein.

118.     Plaintiff was, at tall time relevant, eligible for FMLA-covered leave.

119.     Defendants were Plaintiff's employer as defined by the FMLA.

120.     At all times relevant hereto, Defendants interfered with Plaintiff's right to take

FMLA leave under the FMLA.

121.    At all times relevant hereto, Defendants' interference with Plaintiff's right to leave and to reinstatement violated the FMLA.

122.    Plaintiff suffered from a disability that also qualifies as a "serious health condition" within the meaning of the FMLA.

123.    Plaintiff's condition is "chronic" within the meaning of the FMLA.

124.    Plaintiff was entitled to FMLA protected leave.

125.    Defendants are subject to the requirements of the FMLA.

126.    Plaintiff provided adequate notice of her serious health condition to Defendants.

127.    Defendants were aware of Plaintiff's serious health condition and her need for FMLA protected leave.

128.    Plaintiff requested leave to undergo surgery for herself, and to also accompany and care for her spouse during his surgery and recovery.

129.    Defendants were aware of Plaintiff's reasons and need for leave.

130.    Plaintiff had not exhausted her entitlement to FMLA leave at the time.

131.    Plaintiff provided reasonable notice of her need for leave.

132.    Defendants failed to designate such leave as FMLA protected leave.

133.    Defendants terminated Plaintiff prior to her requested leave date.

134.    Plaintiff disclosed to Defendants her need for surgery and to care for her spouse during his surgery.

135.    Defendants interfered with the FMLA leave by terminating Plaintiff's employment.

136.     By terminating Plaintiff, Defendants interfered with Plaintiff's right for leave, reinstatement and to future FMLA benefits.

137.     Plaintiff was denied benefits to which she was entitled under the FMLA.

138.     As a result of Defendants' intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

139.     Plaintiff is entitled to liquidated damages because Defendants cannot show that its violation of the FMLA was in good faith.

140.     Defendants' violation of the FMLA was willful, as its managers and/or human resource personnel engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, MICHELLE ROBBINS, respectfully requests entry of:

a.     judgment in her favor and against Defendants for its interference with her rights under the FMLA;

b.     judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.     judgment in her favor and against Defendants for her reasonable attorneys' fees and expenses;

d.     judgment in her favor and against Defendants for liquidated damages;

e.     declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this claim.

## COUNT II
## FMLA RETALIATION

141.     Plaintiff re-alleges paragraphs 1 through 116 of the Claim, as if fully set forth

herein.

142.     At all times relevant hereto, Defendants retaliated against Plaintiff, at least in part because Plaintiff exercised her right or attempted to exercise her right to take leave from work that was protected under the FMLA.

143.     The Defendants terminated Plaintiff's employment after Defendants became aware that Plaintiff sought leave to care for herself and for her spouse.

144.     With actual knowledge of Plaintiff's need for leave, disability and chronic serious medical condition, the Defendant terminated Plaintiff's employment.

145.     At all times relevant hereto, Defendants retaliated against Plaintiff in violation of the FMLA.

146.     As a result of Defendants' intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages.

147.     Because Defendants cannot prove that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

148.     Defendant's violation of the FMLA was willful, as its managers and/or human resource personnel engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE, Plaintiff, MICHELLE ROBBINS, respectfully requests entry of:

a.     judgment in her favor and against the Defendants for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b.     judgment in her favor and against the Defendants for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.     judgment in her favor and against the Defendants for her reasonable attorneys' fees and litigation expenses;

d.     judgment in her favor and against Defendants for liquidated damages;

e.   declaratory judgment that Defendants' actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE ADA

149.   Plaintiff re-alleges paragraphs 1 through 116 of the Claim, as if fully set forth herein.

150.   Plaintiff is a qualified individual with a disability.

151.   Plaintiff has the requisite education and skills to perform and can perform the essential functions of her position.

152.   Plaintiff engaged in protected activity under the ADA.

153.   Plaintiff suffers from a service related disability that required surgical intervention.

154.   Additionally, Plaintiff is associated with her spouse who was a beneficiary under the Defendant's health and medical benefits insurance policy, which on information and belief is a self-funded plan by the Defendants.

155.   Plaintiff made her disability known to Defendants, and/or her disability was open and apparent, and she requested an accommodation for her disability.

156.   Plaintiff was perceived as disabled by Defendants.

157.   Defendants were aware of the scheduled surgery of Plaintiff's spouse.

158.   Defendant was Plaintiff's employer as defined by the ADA.

159.   With actual knowledge of Plaintiff's disability and need for surgery and her request for leave for the hospitalization the Defendants terminated Plaintiff's employment.

160.   With actual knowledge of Plaintiff's disability and her requested leave Defendants terminated Plaintiff's employment.

21

161.    Defendants discriminated against Plaintiff because of her disability or perceived disability in violation of the ADA.

162.    Defendants discriminated against Plaintiff because of her association with her spouse.

163.    Defendants discriminated against Plaintiff by terminating Plaintiff and failing to accommodate her disability in violation of the ADA.

164.    Defendants discriminated against Plaintiff because she exercised her rights under the ADA.

165.    Defendants had actual or constructive knowledge of the discriminatory conduct of Plaintiff's supervisors.

166.    Defendants' acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

167.    Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's disability or perceived disability.

168.    Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's association to her spouse and the associated medical costs of his care.

169.    Defendants' conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

170.    The Defendants' wrongful termination is discrimination on the basis of Plaintiff's disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112.

171.    The Defendants' wrongful termination is discrimination on the basis of Plaintiff's association with her spouse and the related medical costs of his care.

172.     As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

173.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

174.     Defendant's violations of the ADA were willful as its managers and/or human resource personnel engaged in the above-described actions while knowing that same were impermissible under the ADA.

WHEREFORE Plaintiff, MICHELLE ROBBINS respectfully requests entry of:

a.     judgment in her favor and against Defendants for violation of the anti-discrimination provisions of the ADA;

b.     judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.     judgment in her favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

d.     judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.     judgment in her favor and against Defendants for punitive damages;

f.     declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## FAILURE TO ACCOMMODATE (ADA)

175.   Plaintiff re-alleges paragraphs 1 through 116 of the Complaint, as if fully set forth herein.

176.   Plaintiff is a qualified individual with a disability.

177.   Plaintiff has the requisite education and skills to perform and can perform the essential functions of her position.

178.   Plaintiff engaged in protected activity under the ADA.

179.   Plaintiff suffers from a service related disability that required surgical intervention.

180.   Plaintiff made this disability known to Defendants and requested an accommodation for her disability.

181.   Plaintiff's request for leave is recognized as a reasonable accommodation request pursuant to the ADA.

182.   Plaintiff's request for leave was reasonable.

183.   Defendants' failed to engage in the deliberative process, by choosing to terminate Plaintiff.

184.   By failing to grant leave to Plaintiff, after she requested a reasonable accommodation, Defendants failed to accommodate Plaintiff.

185.   Defendants' failure to accommodate Plaintiff was not reasonable nor was it justified by any legitimate business judgment.

186.   With actual knowledge of Plaintiffs' disability, and need for reasonable accommodation the Defendants terminated Plaintiff's employment.

187.   Defendant had actual or constructive knowledge of the discriminatory conduct of Plaintiff's supervisors and other administrators.

188.   Defendant's acts and omissions negatively affected one or more terms,

conditions and/or privileges of Plaintiff's employment.

189.    Defendant's conduct violated Plaintiff's right to a reasonable accommodation as guaranteed by the ADA.

190.    As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

191.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

192.    Defendant's violations of the ADA were willful as its managers and/or human resource personnel engaged in the above-described actions while knowing that same were impermissible under the ADA.

WHEREFORE Plaintiff, MICHELLE ROBBINS respectfully requests entry of:

a.    judgment in her favor and against Defendants for violation of the anti-discrimination provisions of the ADA;

b.    judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in her favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

d.    judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.    judgment in her favor and against Defendants for punitive damages;

f.    declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.    an order granting such other and further relief as this Court deems just and

equitable under the circumstances of this case.

**COUNT V**
**RETALIATION, INTERFERENCE, COERCION**
**AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS ADA**

193.    Plaintiff re-alleges paragraphs 1 through 116 of the Claim, as if fully set forth herein.

194.    Title I of the ADA, 42 U.S.C. § 12111 requires that Defendants provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities.

195.    During the time Plaintiff was employed by Defendants, Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation.

196.    Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to discrimination on the basis of her disability.

197.    Defendants retaliated and discriminated against Plaintiff for engaging in said protected activity.

198.    During the time Plaintiff was employed by Defendants, she exercised and/or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting and making use of reasonable accommodations for her disability.

199.    Defendants interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

200.    Defendants terminated Plaintiff's employment after she exercised a right afforded under the ADA.

201.    With actual knowledge of Plaintiff's, disability Defendant terminated Plaintiff's employment.

202.    As such, Defendants retaliated against Plaintiff.

203.    Under the ADA, Defendants were legally obligated to refrain from retaliating against Plaintiff because of her request for accommodation for her disability.

204.    Notwithstanding this obligation under the ADA and in willful violation thereof, Defendants retaliated against Plaintiff because she disclosed her disability and requested a reasonable accommodation.

205.    As a direct and proximate result of Defendants' retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has suffered damages in an amount to be determined at trial.

WHEREFORE Plaintiff, MICHELLE ROBBINS respectfully requests entry of:

a.    judgment in her favor and against Defendants for violation of the anti-retaliation provisions of the ADA;

b.    judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in her favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.    judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.    judgment in her favor and against Defendants for punitive damages;

f.    declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VI
## UNLAWFUL DISCRIMINATION BASED ON HANDICAP IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Handicap)

206.     Plaintiff re-alleges paragraphs 1 through 116 of the Claim, as if fully set forth herein.

207.     Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

208.     Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

209.     Plaintiff requested a reasonable accommodation.

210.     Defendants were aware of Plaintiff's disability, and/or regarded Plaintiff as disabled.

211.     Defendants terminated Plaintiff on the basis of her disability or because Defendants regarded Plaintiff as disabled in violation of the FCRA.

212.     Further, Defendants terminated Plaintiff in retaliation for having requested a reasonable accommodation.

213.     As a result of Defendants' conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

214.     Defendants engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

215.     Plaintiff suffered emotional pain and mental anguish as a direct result of Defendants' unlawful discrimination.

216.     Plaintiff has suffered pecuniary losses as a direct result of Defendants' unlawful discrimination and retaliation.

217.    As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, MICHELLE ROBBINS, respectfully requests entry of:

a.    judgment in her favor and against Defendants for violation of the anti-discrimination/anti-retaliation provisions of the FCRA;

b.    judgment in her favor and against Defendants for all economic damages, including but not limited to lost earnings, reinstatement, front pay in lieu of reinstatement, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.    judgment in her favor and against Defendants for all compensatory damages suffered as a result of Defendants' conduct;

d.    judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.    judgment in her favor and against Defendants for punitive damages;

f.    declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this claim.

## COUNT VII
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Handicap)

218.    Plaintiff re-alleges paragraphs 1 through 116 of the Claim, as if fully set forth herein.

219.    Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

220.    Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

221.    Plaintiff requested a reasonable accommodation.

222.    Defendants failed to grant a reasonable accommodation as requested.

223.    Defendants were aware of Plaintiff's disability, and/or regarded Plaintiff as disabled.

224.    Defendants terminated Plaintiff on the basis of her disability or because Defendants regarded Plaintiff as disabled in violation of the FCRA.

225.    Further, Defendants terminated Plaintiff in retaliation for having requested a reasonable accommodation.

226.    As a result of Defendants' conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

227.    Defendants engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

228.    Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

229.    Plaintiff has suffered pecuniary losses as a direct result of Defendants' unlawful discrimination and retaliation.

230.    As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, MICHELLE ROBBINS, respectfully requests entry of:

a.      judgment in her favor and against Defendants for violation of the anti-discrimination/anti-retaliation provisions of the FCRA;

b.      judgment in her favor and against Defendants for all economic damages, including but not limited to lost earnings, reinstatement, front pay in lieu of reinstatement, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.      judgment in her favor and against Defendants for all compensatory damages suffered as a result of Defendants' conduct;

     d.      judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

     e.      judgment in her favor and against Defendants for punitive damages;

     f.      declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

     g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this claim.

## COUNT VIII
## UNLAWFUL RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Handicap)

231.    Plaintiff re-alleges paragraphs 1 through 116 of the Claim, as if fully set forth herein.

232.    Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

233.    Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

234.    Plaintiff requested a reasonable accommodation.

235.    Defendant failed to grant a reasonable accommodation as requested.

236.    Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled.

237.    Defendant terminated Plaintiff on the basis of her disability or because Defendant regarded Plaintiff as disabled in violation of the FCRA.

238.    Further, Defendant terminated Plaintiff in retaliation for having requested a reasonable accommodation.

239.   As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

240.   Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

241.   Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

242.   Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

243.   As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, MICHELLE ROBBINS, respectfully requests entry of:

a.   judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FCRA;

b.   judgment in her favor and against Defendant for all economic damages, including but not limited to lost earnings, reinstatement, front pay in lieu of reinstatement, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.   judgment in her favor and against Defendant for all compensatory damages suffered as a result of Defendant's conduct;

d.   judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.   judgment in her favor and against Defendant for punitive damages;

f.   declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this claim.

## <u>COUNT IX</u>
## <u>VETERAN DISCRIMINATION IN VIOLATION OF UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT, ("USERRA")</u>

244.    Plaintiff re-alleges paragraphs 1 through 116 of the Claim, as if fully set forth herein.

245.    Plaintiff was otherwise eligible, qualified, ready, and willing to reemploy with the Defendants upon her discharge from hospitalization after her scheduled surgery.

246.    Defendants denied the Plaintiff the benefit of employment and failed to accommodate her service related disability.

247.    Plaintiff's membership, service and/or obligation for service in the Air Force was a motivating factor in the Defendants' termination of Plaintiff from its employ.

248.    Plaintiff has lost wages and other economic benefits, as a direct and proximate result of the Defendants' termination of the Plaintiff's employment.

249.    Defendants' violations of USERRA were willful because Defendants knew or perceived the risk that its failure to employ Plaintiff because of her military service and/or anticipated unavailability due to treatment for her service related disability violated USERRA or Defendants showed reckless disregard for the matter of whether Defendants' termination of Plaintiff's employment because of her military service and/or because of her anticipated unavailability due to her service related disability was prohibited by USERRA.

WHEREFORE, Plaintiff, MICHELLE ROBBINS, respectfully prays and demands on all counts as follows:

        a.      judgment in her favor and against Defendants for violation of the anti-discrimination/anti-retaliation provisions of USERRA;

        b.      judgment in her favor and against Defendant for all economic damages, including but not limited to lost earnings, reinstatement, front pay in lieu of reinstatement, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.      judgment in her favor and against Defendants for all compensatory damages suffered as a result of Defendants' conduct;

d.      judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses pursuant to 38 U.S.C. §4323(h)(2) and any other laws applicable to this action;

e.      judgment in her favor and against Defendants for punitive damages;

f.      declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under USERRA; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this claim.

## COUNT X
## <u>VIOLATION OF SECTION 510 ERISA</u>

250.    Plaintiff re-alleges paragraphs 1 through 116 of the Complaint, as if fully set forth herein.

251.    Defendants provided Plaintiff with an employee welfare plan as defined by 29 U.S.C. §1002(a), specifically health insurance.

252.    Beginning in 2018 and continuing until her unlawful termination, Plaintiff was enrolled in the benefits provided under the company's health insurance plan, as was her spouse.

253.    Defendants were aware that Plaintiff scheduled surgery for herself, and that her spouse was also scheduled for surgery at or around the same time.

254.    Defendants knew or should have known that Plaintiff's, and her spouse's, utilization of the employee benefit plan would continue, particularly since she requested leave for upcoming surgery and the surgery of her husband.

255.    Defendants retaliated/discriminated against Plaintiff by terminating her employment.

256.    Defendants interfered with Plaintiff's right to exercise her ERISA-covered

employee benefit plan.

257.   Defendants' termination of Plaintiff was designed, in part, to discourage other employees from taking sick days and/or filing claims under their employee benefit plans.

258.   Defendants fired Plaintiff, in whole or in part, because Defendants did not wish to bear the costs of Plaintiff's and her spouse's healthcare.

259.   Defendants interfered with Plaintiff's right to obtain medical care.

260.   Defendants discriminated against and discharged Plaintiff for exercising her right to medical care under the company's employee benefit plan.

261.   Defendants fired Plaintiff in violation so 29 U.S.C. § 1140.

WHEREFORE, Plaintiff  MICHELLE ROBBINS hereby demands entry of judgment in her favor and against Defendants, for any and all equitable relief available including but not limited to payment of all medical bills, statutory damages, reinstatement and back pay as required by ERISA, as well as payment of her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## COUNT XI
## AGE DISCRIMINATION UNDDER THE ADEA

262.   Plaintiff re-alleges and re-avers paragraphs 1 through 116 of the Complaint, as if fully set forth herein.

263.   The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . " 29 U.S.C. § 623(a).

264.   Plaintiff was qualified for her job.

265.   Plaintiff satisfactorily performed her job.

266.   Despite Plaintiff's satisfactory performance of her job, Plaintiff was terminated

and told that her position was being eliminated.

267.   On information and belief, Plaintiff's position was given to a younger less qualified male.

268.   Further on information and belief, Defendants have engaged in a pattern and practice of eliminating female executives over the age of 50 under the false pretense that their positions are no longer necessary.

269.   Plaintiff is aware of at least three female executive over the age of 50 who were terminated in a similar fashion, and whose roles were filled with younger less qualified employees.

270.   The stated reason for Plaintiff's termination was pretextual.

271.   Ms. Robbins was treated differently and worse than her younger co-workers because she was terminated despite performing better.

272.   Defendants failed to uniformly apply its policies and procedures to Plaintiff in a non-discriminatory fashion.

273.   The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of her age was a violation of the ADEA, 29 U.S.C. § 623(a). *See Munoz v. Oceanside Resorts, Inc.,* 223 F.3d 1340 (11th Cir. 2000).

274.   Defendants have no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

275.   The age-discriminatory conduct of Defendants and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

276.    Defendants' treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination, for which there is no adequate remedy at law.

277.    Defendants' age-discriminatory behavior towards Plaintiff was willful, entitling her to liquidated damages.

278.    Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendants' violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

279.    Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

WHEREFORE, Plaintiff, MICHELLE ROBBINS prays that this Court will grant:

a.  judgment in her favor and against Defendants for violation of the anti-discrimination/anti-retaliation provisions of the ADEA;

b.  judgment in her favor and against Defendants for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.  judgment in her favor and against Defendants for her reasonable attorney's fees and litigation expenses;

d.  judgment in her favor and against Defendants for liquidated damages;

e.  declaratory judgment that Defendants' actions toward Plaintiff violate Plaintiff's rights under the ADEA; and

f.  an order granting such other and further relief as this Court deems just and equitable under the circumstances.

## COUNT XII
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

280.    Plaintiff re-alleges and re-avers paragraphs 1 through 116 of the Complaint, as

if fully set forth herein.

281.    The Florida Civil Rights Act makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . age." Fla. Stat. 760.10.

282.    At all material times, Plaintiff was protected by the FCRA.

283.    Plaintiff was qualified for her job.

284.    Plaintiff satisfactorily performed her job.

285.    Despite Plaintiff's satisfactory performance of her job, Plaintiff was terminated and told that her position was being eliminated.

286.    On information and belief, Plaintiff's position was given to a younger less qualified male.

287.    Further on information and belief, Defendants have engaged in a pattern and practice of eliminating female executives over the age of 50 under the false pretense that their positions are no longer necessary.

288.    Plaintiff is aware of at least three female executive over the age of 50 who were terminated in a similar fashion, and whose roles were filled with younger less qualified employees.

289.    The stated reason for Plaintiff's termination was pretextual.

290.    Ms. Robbins was treated differently and worse than her younger co-workers because she was terminated despite performing better.

291.    Defendants failed to uniformly apply its policies and procedures to Plaintiff in a non-discriminatory fashion.

292.    The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of her age was a violation of the FCRA. *See Munoz v. Oceanside Resorts, Inc.,* 223 F.3d 1340 (11th Cir. 2000).

293.    Defendants have no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

294.    The age-discriminatory conduct of Defendants and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

295.    Defendants' treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination, for which there is no adequate remedy at law.

296.    Defendants' age-discriminatory behavior towards Plaintiff was willful, entitling her to liquidated damages.

297.    Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendants' violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

298.    Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

WHEREFORE, Plaintiff, MICHELLE ROBBINS prays that this Court will grant:

a.  judgment in her favor and against Defendants for violation of the anti-discrimination/anti-retaliation provisions of the FCRA;

b.  judgment in her favor and against Defendants for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c. judgment in her favor and against Defendants for her reasonable attorney's fees and litigation expenses;

d. judgment in her favor and against Defendants for liquidated damages;

e. declaratory judgment that Defendants' actions toward Plaintiff violate Plaintiff's rights under the FCRA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances.

## COUNT XIII
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII
## DISPARATE TREATMENT

299.    Plaintiff re-alleges and reavers paragraphs 1 through 116 of the Complaint, as if fully set forth herein.

300.    Title VII makes it unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a).

301.    Defendants discriminated against Plaintiff, a female employee, by treating her differently and worse than male employees.

302.    At all times material hereto, Plaintiff was qualified for her position with Defendants.

303.    Specifically, Plaintiff's position was eliminated, while Defendants' male employees who performed worse, and whose positions were eliminated, were afforded other employment opportunities with Defendants.

304.    Defendants failed to offer Plaintiff an alternative employment position within the employ of Defendants after her position was allegedly restructured and eliminated. As such she was not treated similarly to her male counterparts.

305.   Further on information and belief, Defendants have engaged in a pattern and practice of eliminating female executives over the age of 50 under the false pretense that their positions are no longer necessary.

306.   Plaintiff is aware of at least three female executive over the age of 50 who were terminated in a similar fashion, and whose roles were filled with younger less qualified employees.

307.   The stated reason for Plaintiff's termination was pretextual.

308.   Plaintiff's sex was the determining factor and/or motivating factor in Defendants' termination of her employment.

309.   Defendants have no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

310.   As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial including, but not limited to, back pay and front pay.

311.   As a result of Defendant's discriminatory actions, Plaintiff has suffered, and continues to suffer, emotional distress, resulting in damages in an amount to be proven at trial.

312.   Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

313.   Defendant's unlawful actions were intentional, willful, malicious, and/or were done with reckless disregard to Plaintiff's right to be free from discrimination because of her sex.

314.   Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff, MICHELLE ROBBINS, prays that this Court will grant:

a.      judgment in her favor and against Defendants for violation of the anti-discrimination/retaliation provisions of the Title VII;

b.      judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.      judgment in her favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.      judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.      judgment in her favor and against Defendants for punitive damages;

f.      declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT XIV
## SEX DISCRIMINATION IN VIOLATION OF THE FCRA

315.    Plaintiff re-alleges and reavers paragraphs 1 through 116 of the Complaint, as if fully set forth herein.

316.    The Florida Civil Rights Act makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." Fla. Stat. 760.10.

317.    Defendants discriminated against Plaintiff, a female employee, by treating her differently and worse than male employees.

318.    At all times material hereto, Plaintiff was qualified for her position with Defendants.

319.    Specifically, Plaintiff's position was eliminated, while Defendants' male

employees who performed worse, and whose positions were eliminated, were afforded other employment opportunities with Defendants.

320.    Defendants failed to offer Plaintiff an alternative employment position within the employ of Defendants after her position was allegedly restructured and eliminated. As such she was not treated similarly to her male counterparts.

321.    Further on information and belief, Defendants have engaged in a pattern and practice of eliminating female executives over the age of 50 under the false pretense that their positions are no longer necessary.

322.    Plaintiff is aware of at least three female executive over the age of 50 who were terminated in a similar fashion, and whose roles were filled with younger less qualified employees.

323.    The stated reason for Plaintiff's termination was pretextual.

324.    Plaintiff's sex was the determining factor and/or motivating factor in Defendants' termination of her employment.

325.    Defendants have no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

326.    As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial including, but not limited to, back pay and front pay.

327.    As a result of Defendant's discriminatory actions, Plaintiff has suffered, and continues to suffer, emotional distress, resulting in damages in an amount to be proven at trial.

328.    Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

329.   Defendant's unlawful actions were intentional, willful, malicious, and/or were done with reckless disregard to Plaintiff's right to be free from discrimination because of her sex.

330.   Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff, MICHELLE ROBBINS, prays that this Court will grant:

a.   judgment in her favor and against Defendants for violation of the anti-discrimination/retaliation provisions of the FCRA;

b.   judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.   judgment in her favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.   judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.   judgment in her favor and against Defendants for punitive damages;

f.   declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT XV**
**RETALIATION IN VIOLATION OF SECTION 448.102 FLORIDA PRIVATE WHISTLEBLOWER ACT**

331.   Plaintiff re-alleges and reavers paragraphs 1 through 116 of the Complaint, as if fully set forth herein.

332.   Plaintiff objected to Defendants' unlawful conduct.

333.   After Plaintiff objected to the unlawful conduct, Defendants retaliated against Plaintiff by terminating her employment.

334.   The decision to terminate Plaintiff was causally linked to Plaintiff's objection to

Defendants' unlawful conduct.

335.    Defendants terminated Plaintiff for voicing objections to Defendants illegal GPO program pricing and sales initiatives.

336.    Defendants terminated Plaintiff for refusing to follow Defendants' unlawful directives, which violated the federal anti-kickback statute and the Stark Law, among other laws, rules and/or regulations.

337.    Defendants would not have terminated Plaintiff's employment if she had not objected to Defendants' illegal practices, refused to follow Defendants' unlawful directives or otherwise refused to participate in Defendants' illegal practices.

WHEREFORE, Plaintiff, MICHELLE ROBBINS, demands a judgment against Defendants, demanding the following damages:

a.      judgment in her favor and against Defendants for violation of the anti-retaliation provisions of the FPWA;

b.      judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.      judgment in her favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.      judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.      judgment in her favor and against Defendants for punitive damages;

f.      declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the FPWA; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **JURY DEMAND**

338.    Plaintiff demands a trial by jury on all issues so triable.

Dated this 23rd <sup>day</sup> of July, 2021.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
s/*Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.:  063365
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com